IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAM FISHER, # N-53175, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-0301-NJR |
| ) | |
| DR. LARSON, GARY GERST, ) | |
| WEXFORD, and SHANE ORANGE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Sam Fisher, an inmate at Big Muddy River Correctional Center ("Big Muddy"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff asserts constitutional and state law claims against Defendants. (Doc. 1). Specifically, Plaintiff complains that Defendants Gerst, Larson, and Wexford denied him adequate medical treatment for an ingrown toenail and that Defendant Orange prevented him from filing grievances regarding the issue.

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and dismiss the complaint for failure to state a claim.

## Background

In September 2013, Plaintiff began to suffer from an ingrown toenail on his right foot, which he states caused him significant pain. (Doc. 1, p. 6). He sought medical attention, but claims he was not seen by a healthcare professional until mid-November 2013. *Id*. By that time, Plaintiff claims that his toe had become infected. At an appointment in mid-November, Plaintiff saw Defendant Gary Gerst, a physician's assistant at Big Muddy. Plaintiff asserts that Defendant Gerst refused to treat his ingrown nail, insisting the nail was "perfect," and directed Plaintiff to soak his feet. *Id*.

The complaint states that as of July 26, 2014, the toenail had not been removed or adequately treated.[1]  *Id*. at 7.  Beyond seeing Defendant Gerst in November 2013, it is unclear what attempts, if any, Plaintiff made to access additional medical care other than filing grievances about his encounter with Defendant Gerst.  Attached to the complaint is a memo from Debbie Isaacs, Health Care Unit Administrator, dated July 30, 2014, which states that the "last documentation concerning the offender's toenails is 1/13/14 when he was seen by [physician's assistant].  Offender is again advised to follow proper procedure for health care needs." (Doc. 1, p. 11).

Plaintiff blames the lack of follow-up treatment on Defendant Gerst, who he maintains never referred Plaintiff to Defendant Larson, the medical doctor at Big Muddy.  Consequently, Plaintiff states that he never "officially" saw Defendant Larson about the ingrown toenail, although he did show it to him when he attended a routine blood pressure clinic at some point earlier in the year. *Id*. at 6.  At that time, Defendant Larson asked Plaintiff when he was scheduled to be released.  When Plaintiff told him he was due to be released in December 2014, Defendant Larson told him "not to worry about it" and that he could have the toenail taken care of once he was released. *Id*.  Plaintiff further alleges that Defendant Shane Orange, a correctional counselor at Big Muddy, tried to prevent Plaintiff from exhausting his administrative remedies by ignoring and/or throwing away grievances filed by Plaintiff. *Id*.

Documentation attached to the complaint indicates that Plaintiff's toenail was removed in August 2014, although Plaintiff makes no mention of this procedure in his written statement of the claim. (*See* Doc. 1, p. 14, "Counselor's Response to Offender's Grievance").  Nonetheless,

---

[1] It would seem that Plaintiff drafted the present complaint sometime around the end of July 2014, several months before initiating this action.  The statement of the claim discusses the chronology of events up until the end of July 2014, but does not mention any of the treatment Plaintiff received after that point in time.  Exhibits attached to the complaint, however, suggest that Plaintiff's ingrown toenail has since been treated.

Plaintiff claims that Defendant Wexford, the private corporation that provides health care to Illinois inmates by contract with the Illinois Department of Corrections, has a policy of deliberately denying medical care "to inmates who they think are 'short timers.'" *Id*. at 7.

## Analysis

### Count 1: Deliberate Indifference to a Serious Medical Need

Plaintiff claims that Defendants Gerst, Larson, and Wexford acted with deliberate indifference when they denied him adequate medical care for an infected ingrown toenail. To establish an Eighth Amendment medical needs claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs. *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). The complaint satisfies the objective prong of this test. The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint alleges that Plaintiff had an ingrown toenail that caused him significant pain and discomfort over several months. Eventually, the toenail became infected and had to be removed. These allegations meet the threshold requirement for a "serious" medical condition. The question, then, is whether Defendants Gerst, Larson, and Wexford acted with deliberate indifference.

To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010); *see also Cooper v. Casey*, 97 F.3d

914, 916 (7th Cir. 1996). But, to be held liable, officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

According to the complaint, Plaintiff saw Defendant Gerst only once about his ingrown toenail. At that appointment, Defendant Gerst examined Plaintiff's toenail, determined that it was fine, and recommended foot soaking to treat the ingrown toenail. Although Plaintiff claims the foot soaking treatment did "nothing" for him, he says nothing about following up with Defendant Gerst or requesting a different course of treatment. The fact that Defendant Gerst recommended foot soaking at one appointment, alone, is insufficient to support a claim of deliberate indifference. To survive a merit's review, even a *pro se* litigant's complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). In other words, a complaint must contain "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir.2010), along with allegations "plausibly suggesting (not merely consistent with) an entitlement to relief," *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir.2013) (internal quotation marks and citation omitted). Plaintiff may not proceed on his medical needs claim against Defendant Gerst at this time.

Likewise, Plaintiff fails to sufficiently allege that Defendant Larson was deliberately indifferent to his medical condition. The one time Plaintiff spoke to Defendant Larson about his toenail was in passing during a routine blood pressure clinic. After seeing Plaintiff's toenail and learning that Plaintiff was due to be released soon, Defendant Larson assured Plaintiff that he

need not worry about it, and that he could have it taken care of when he went home. According to the complaint, that represents the totality of Plaintiff's interaction with Defendant Larson regarding his ingrown toenail. Furthermore, it is unclear when exactly Plaintiff saw Defendant Larson and what the condition of his toenail was at that time. Plaintiff also makes no mention of requesting an appointment with Defendant Larson to follow up on his concerns. While it is possible that Defendant Larson acted with deliberate indifference toward Plaintiff's medical condition, Plaintiff has failed, at this time, to state a claim against him based on the foregoing facts.

Finally, Plaintiff asserts that Defendant Wexford should be held liable because it employs Defendants Gerst and Larson. But the doctrine of *respondeat superior* is not applicable to § 1983 actions. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). "To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Id*. A medical corporation, like Wexford, can be held liable for deliberate indifference, but only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff asserts that Wexford has a "policy of deliberate indifference to inmates who they think are 'short timers,'" but he offers no details to support this allegation. He also fails to suggest that this alleged policy caused Defendants Gerst and Larson to respond to Plaintiff's condition as they did. Finally, as discussed above, the complaint fails to adequately allege that either Defendant Gerst or Larson violated Plaintiff's constitutional rights; therefore, even if Defendant Wexford maintains such a policy, there is nothing in the complaint to suggest that such a policy deprived Plaintiff of his constitutional rights to adequate health care. As with Defendants Gerst and Larson, it is possible that Plaintiff has a viable Eighth Amendment claim

against Defendant Wexford, but the complaint as it currently stands fails to articulate a colorable claim against Defendant Wexford.

**Count 2:    Intentional Infliction of Emotional Distress**

Plaintiff also asserts a claim of intentional infliction of emotional distress. Since the Court is dismissing the Eighth Amendment claim, it will not exercise supplemental jurisdiction over potential state law claims related to the same facts. While relief in federal court is foreclosed to Plaintiff at this time, a suit for intentional infliction of emotional distress may be brought in state court. The Court takes no position on the merits or viability of such a claim.

**Count 3:    Failure to Respond to Grievances**

Lastly, Plaintiff complains that Defendant Orange prevented him from filing grievances about his medical condition by ignoring and/or throwing away his grievances. Plaintiff asserts that Defendant Orange's conduct violated his First Amendment rights. But courts have consistently held that prison grievance procedures are not constitutionally mandated and thus the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" cannot be a basis for liability under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Thus, the Court shall dismiss the claim against Defendant Orange

in Count 3 with prejudice. Since this is the only count asserted against Defendant Orange, he shall be dismissed from this action.

In conclusion, Plaintiff has failed to state a medical needs claim (Count 1) against Defendants Gerst, Larson, and Wexford. It is quite possible that Plaintiff may be able to state a viable Eighth Amendment claim related to his medical care against some or all of these Defendants, but he has failed to do so at this time. As such, Count 1 will be dismissed. The dismissal, however, will be without prejudice to Plaintiff filing an amended complaint that cures the defects noted in this Order, according to the instructions set forth in the disposition below. Since the Court is dismissing Plaintiff's Eighth Amendment claim, it declines to exercise supplemental jurisdiction over Plaintiff's related Illinois state law claim (Count 2); as such, Count 2 will be dismissed without prejudice. Finally, Plaintiff's failure to respond to grievances claim (Count 3) is not a viable constitutional claim and shall be dismissed with prejudice. Defendants Gerst, Larson, Wexford, and Orange will be dismissed from this action.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. **COUNTS 1** and **2** are dismissed without prejudice. **COUNT 3** is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recruitment of counsel (Doc. 3) and motion for service of process at government expense (Doc. 4) remain **PENDING**. The Court will delay ruling on these motions until after the time in which Plaintiff has been granted leave to file an amended complaint has expired.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" within **THIRTY-FIVE DAYS** of entry of this Memorandum and Order, on or before **May 19, 2015**. **IT IS**

**FURTHER ORDERED** that upon conclusion of the thirty-five-day period, should Plaintiff fail to file a First Amended Complaint in strict compliance with this Memorandum and Order or if the First Amended Complaint fails to state a claim upon which relief may be granted, this case will be dismissed for failure to comply with an order of this Court and the case will be closed. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that should he decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The amended complaint shall present each claim in a separate count, and each count shall specify, ***by name***, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each Defendant's name where necessary to identify the actors. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 14, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**