IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAM FISHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-00301-NJR-DGW |
| | ) |
| DENNIS LARSON, GARY GERST, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| LOUIS SCHICKER, and DEBORAH | ) |
| ISAACS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 60), which recommends denying the Motion for Partial Summary Judgment on the issue of exhaustion of administrative remedies filed by Defendants Gary Gerst and Wexford Health Sources, Inc. ("Wexford"). The Report and Recommendation was entered on February 15, 2017. No objections were filed.

Plaintiff Sam Fisher, an inmate housed at Big Muddy Correctional Center, filed this lawsuit on March 18, 2015, asserting that Defendants denied him adequate medical treatment for an ingrown toenail for nearly a year, causing him significant pain and suffering. After an initial review pursuant to 28 U.S.C. § 1915A of the Amended Complaint (Doc. 8), Fisher is proceeding on two counts. First, in Count 1, Fisher claims that Defendants Gary Gerst, Debbie Isaacs, and Dennis Larson were deliberately

indifferent to his serious medical condition when they knew of his condition but refused to provide him with adequate care. He also alleges that Defendants Louis Schicker and Wexford were responsible for an unwritten policy or practice designed to deny inmates nearing their release date appropriate medical care, thereby causing Defendants Gerst, Issacs, and Larson to refuse to treat him. In Count 2, a retaliation claim, Fisher alleges that Defendant Gerst threatened to withhold medical care and to send him to segregation if he complained about the medical care he received.

On May 20, 2016, Defendants Gerst and Wexford filed a motion for summary judgment arguing that Fisher failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. §1997e, *et seq.*, prior to commencing this lawsuit (Doc. 39). Defendants argue that Fisher failed to file any grievances about the alleged retaliatory conduct by Defendant Gerst or his policy and practice claim against Defendant Wexford. Furthermore, Defendants argue that any claim by Fisher that such grievances "disappeared" is disingenuous because Fisher often followed up on missing grievances, and there is no evidence that he did so with regard to these complaints. Therefore, because Fisher never filed any grievances with regard to these claims, summary judgment must be granted to Defendant Gerst as to the claims in Count 2 and Wexford as to the claims in Count 1.

In response, Fisher claims he submitted several grievances regarding his retaliation claim against Defendant Gerst, as well as his policy and practice claim against Defendant Wexford, but that the grievances went missing without any response from prison officials. Because the Illinois Administrative Code does not provide instruction on

how to proceed in the administrative review process under such circumstances, Fisher asks the Court to find that he exhausted his administrative remedies.

Magistrate Judge Wilkerson held a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on October 20, 2016, and issued the Report and Recommendation currently before the Court on February 15, 2016 (Doc. 60). The Report and Recommendation accurately states the nature of the evidence presented, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson. Magistrate Judge Wilkerson determined that Fisher was credible in his assertion that he attempted to file grievances complaining about the circumstances that form the basis for his policy and practice claim against Wexford and his retaliation claim

against Defendant Gerst, but was thwarted in his efforts to exhaust these grievances because he never received a response at the institutional level. Magistrate Judge Wilkerson assessed the credibility of Fisher's statements in light of Defendants' arguments to the contrary and evidence of discrepancies in Big Muddy's recordkeeping, and he found Fisher's testimony to be truthful. It is not the Court's role at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

Because Fisher was thwarted in his attempts to exhaust his grievances, the grievance process was rendered unavailable, and he is deemed to have exhausted his administrative remedies. For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 60), and **DENIES** the motion for summary judgment on the issue of exhaustion filed by Defendants Gary Gerst and Wexford Health Sources, Inc. (Doc. 39).

**IT IS SO ORDERED.**

DATED: March 9, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**